**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17 C 3533 |
| | ) | |
| OG PLUMBING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The federal Occupational Safety and Health Administration cited OG Plumbing, LLC on four occasions in 2012, 2013, and 2014 for safety violations at worksites in Chicago. OG did not contest any of the citations administratively or in court. For this reason, the government contends, the penalties imposed by the citations became a final administrative determination. The government then filed this suit, seeking to enforce the penalties, which together with interest, additional penalties for nonpayment, and fees total a little over $51,000. The government's suit is filed under 29 U.S.C. § 666(l).

The government has moved for entry of summary judgment, so the question is whether there are any genuinely disputed facts and whether the government is entitled to judgment as a matter of law. In considering the motion, the Court views the facts in the light most favorable to OG, the non-moving party, and draws reasonable inferences in OG's favor.

OG disputes a single issue. It contends that the government has failed to

establish whether and when the citations were served on OG.  This is significant, OG argues, because its time to challenge each citation started to run only when it was served.  If the government cannot establish the date of service, OG contends, then it has not shown that its time to contest the citations expired.  That, in turn, means the penalties never became final, OG contends.

The government's first argument in response is that none of this matters.  It says that if OG wants to challenge the citations or the penalties they impose, it had to do that by way of an appeal to the Seventh Circuit—a step that OG never took.  In the present context, this argument seems rather circular.  The claimed finality of the penalties depends on OG's failure to contest them following service of the citations, so if they were not served, then it would seem that OG would have a straight-faced argument that the present suit rests on a false foundation—and, in any event, how could OG have known it had to challenge the citations in court if they were never served?

The Court need not, however, determine who has the better of that point, as the government has provided evidence that the citations were served.  *See* Pl.'s Mem. in Support of Motion for Summ. J., Exs. 3, 4, 5.  It has provided no *direct* evidence (such as an affidavit from whoever delivered or sent the citations), but the law does not require that.  Each of the documents submitted is admissible as a government record or a record of regularly conducted activity, and each is sufficient to establish that the citations were served and when—even if OG may have refused to accept one and failed to claim another.  OG has offered no contrary evidence, which is what it would have to do to avoid summary judgment.  In short, the government has offered admissible evidence showing the fact and timing of service of the citations, and OG has offered

nothing that gives rise to a genuine dispute on these points.  Because OG does not otherwise contest the government's motion, the government is entitled to summary judgment.

**Conclusion**

For these reasons, the Court grants plaintiff's motion for summary judgment [dkt. no. 15].  OG does not dispute the amount sought, so it is deemed admitted.  The Clerk is directed to enter judgment in favor of the United States and against OG Plumbing, LLC in the amount of $51,170.46.

Date:  February 12, 2018

_____
MATTHEW F. KENNELLY
United States District Judge